**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
JASON KAFER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JASON KAFER,

Plaintiff,

vs.

US Collections West, Inc.,

Defendant(s).

Case No.: 8:23-cv-618

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**

**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**

**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**

## INTRODUCTION

1. JASON KAFER ("Plaintiff") brings this action to secure redress from US COLLECTIONS WEST, INC. ("Defendant") for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Plaintiff also brings this action to secure redress from Defendant for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788].

**JURISDICTION AND VENUE**

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4. Plaintiff is an individual, residing in Orange County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in Arizona. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and the RFDCPA.

**FACTUAL ALLEGATIONS**

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8. The alleged debt at issue stems from a prior rental agreement and residence that Plaintiff had rented.

9. In October of 2022, Plaintiff reached an agreement directly with Defendant's creditor client (the private landlord) to resolve the alleged debt for a

total sum of $5,000.00. Plaintiff then proceeded to begin the electronic funds transfers to satisfy the payment obligation.

10. However, shortly after the first payment, the landlord told Plaintiff that Defendant was charging a large amount and that the landlord had to withdraw the agreed upon settlement.

11. Plaintiff then spoke with a "Mona" at Defendant who falsely advised that the landlord did not have the right to settle the debt – even though the landlord is the creditor. Mona said that the best Defendant could settle for was $5,200.00 and Plaintiff accepted.

12. Defendant did not contact Plaintiff again, so Plaintiff called Defendant and requested to speak with "Mona" to get confirmation of the settlement and to get payment instructions. However, Plaintiff was told he needed to speak with a supervisor named "Juan."

13. "Juan" falsely advised that neither the landlord nor "Mona" had the right to settle the debt at $5,000.00 or even $5,200.00. Juan advised that Defendant would only settle for the full balance, despite the landlord willing to accept $5,000.00 and "Mona" willing to accept $5,200.00 – both of which were previously accepted by the parties.

14. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

**FIRST CAUSE OF ACTION**

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b) Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

(c) Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect debt from Plaintiff.

17. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

21. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to statute(s), in amounts to be determined at trial and for Plaintiff.

(b) Statutory damages pursuant to statute(s);

(c) Punitive damages pursuant to statute;

(d) Costs and reasonable attorney's fees pursuant to pursuant to statute(s); and

(e) For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 7, 2023 **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*